This is Eugene C. Burnett I'm writting you Because I did not ask for $250.00 I ask for $250,000 - in lin not taking $250.00 So can you do Nothing about it.

**FILED**
MAY 23 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Because in all my other paper I put $250,000 on it So you got to look over all of my paper.

What I look like asking for $250.00 I'm not Dumm. So can you help me look at my filed.

W/B Eugene Burnett

in if I do get $250.00 all that money going to you so what I look like asking for $250.00 OPEN this case ~~___~~ Bake up Pleas

E-FILED
Friday, 12 May, 2006 02:18:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

EUGENE BURNETT,
      Plaintiff,

vs.          05-2253

Pat Hartshorn, et al.,
      Defendants.

## MERIT REVIEW ORDER

On November 7, 2005, the plaintiff submitted a petition to proceed in forma pauperis alongwith a complaint. After reviewing his complaint and statements made by the plaintiff during a November 30, 2005 merit review, the court allowed the plaintiff thirty days to file an amended complaint. The plaintiff was forewarned that if he failed to submit an amended complaint, the court would consider only his original complaint for merit. The clerk of the court mailed a complaint form to the plaintiff on November 30, 2005.

On December 15, 2005, this case was consolidated with case No. 05-2270 pursuant to minute entry in 05-2270 on December 15, 2005. The court reminded the plaintiff in the minute entry that if he files an amended complaint in 05-2253, that case should include the allegations he made in 05-2270.

By February 1, 2006, the plaintiff had not submitted the amended complaint in 05-2253. Sua sponte, the court allowed the plaintiff an additional fourteen days to submit the amended complaint. On March 31, 2006, the court noted in an order that the plaintiff had submitted an amended complaint on December 5, 2005 in 05-2253, but the complaint did reflect the claims and allegations in 05-2270. Therefore, the court allowed the plaintiff fourteen days to submit an amended complaint that reflects his claims in both 05-2253 and 05-2270. The clerk of the court mailed another complaint form to the plaintiff.

The plaintiff's amended complaint was received on March 16, 2006. He names as defendants Patrick Hartshorn and a nurse who is identified only as "Cooke." The plaintiff seeks $250.00 in monetary damages. The plaintiff alleges he was arrested on August 15, 2005 and was detained at the Danville Public Safety Building (jail) for about six months. Liberally interpreting his amended complaint, the plaintiff is alleging that the defendants were deliberately indifferent to his serious medical needs. He claims that when he was booked into the jail, he advised the booking officer that he had a medical condition, eczema. The officer advised the plaintiff that he would have to fill out a request form to see the nurse. The plaintiff put in a request two days later, but the nurse did not respond to his request within a day. The plaintiff put in ten more requests to see the nurse. In the meantime, his rash became worse. He requested cream for the

rash. By October 1, 2005, the nurse had not responded to his request for medical care. By then he had developed a toothache, so the plaintiff also put in a request to see the nurse.

During the merit review, the plaintiff advised the court that jail staff served fish to him once every two weeks. He did not eat the fish. On those occasions, the plaintiff ate chips and items from the commissary, i.e., candy bars and oatmeal packs. Further, the plaintiff claims that on two occasions in November 2005, he found a piece of wood on his food tray.

### Discussion and Conclusion

Deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), *citing Estelle v. Gamble*, 429 U.S. 153, 182-83 (1976). The injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it. *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997); *Wynn v. Southward*, 251 F.3d at 593 (2001). An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Chapman*, 241 F.3d at 845, *quoting Zentmyer v. Kendall County* 220 F.3d 805, 810 (7th Cir. 2000)(*quoting Gutierrez v. Peters* 111 F.3d 1364, 1373 (7th Cir. 1997)). An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez*, 111 F.3d at 1373. The subjective component (deliberate indifference) does not encompass negligence or even gross negligence. *Id., citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn*, 251 F.3d at 593, *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer*, 220 F.3d at 811.

The plaintiff made proceed on his claim that the defendants were deliberately indifferent to his serious medical needs regarding his eczema. However, the remaining claims do not rise to the level of a constitutional violations and are dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**It is therefore ordered:**

1.  **The plaintiff has one claim against the defendants under the Eighth Amendment: (1) deliberate indifference to his serious medical needs.**
2.  **The plaintiff's remaining claims are dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) and 28 U.S.C. Section 1915A.**
3.  **Any claims not specifically set forth in this order shall not be included in the case, except at the court's discretion on motion by a party for good cause shown at the**

2

        final pretrial conference, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4. The necessary deficiency orders are directed to be entered, if any.
5. After the plaintiff satisfies all deficiencies, a Scheduling Order shall be entered directing service and setting a Rule 16 conference date.
6. A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.
7. The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be only to the issues and claims stated in this Case Management Order.

Enter this 12th day of May 2006.

                              s\Harold A. Baker

                        **HAROLD A. BAKER**
              **UNITED STATES DISTRICT JUDGE**