# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| EUGENE BURNETT, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PATRICK HARTSHORN, sued as | ) | Case No. 05-2253 |
| Sheriff Patrick Hartshorn, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On March 14, 2007, a Scheduling Order (#25) was entered by Chief United States District Judge Michael P. McCuskey. That Order directed the parties to appear before Chief Judge McCuskey on May 31, 2007, at 1:30 p.m. for a scheduling conference pursuant to FED. R. CIV. P. 16. A copy of the Order was mailed to pro se Plaintiff at the address listed on the front of the docket.

According to the minute entry for May 31, 2007, Plaintiff failed to appear. The minute entry contained the following:

> Court finds plaintiff should show cause why he should not be held in contempt and case dismissed for failure to appear. Matter set for 6/15/2007 at 9:30 AM in Courtroom A before Chief Judge Michael P. McCuskey for a Rule to Show Cause Hearing. Plaintiff to appear personally. Defendants' counsel to appear by phone. If plaintiff appears and good cause is shown, new Rule 16 hearing will be set. If plaintiff fails to appear, the case will be dismiss [sic] with prejudice.

According to the clerk's notes, a copy of the minute entry was mailed to Plaintiff at the address contained on the front of the docket.

On May 31, 2007, the Court entered a Rule to Show Cause (#25). That Order also required Plaintiff to appear on June 15, 2007, at 9:30 a.m. in Courtroom A before Chief Judge McCuskey. The Order was sent certified mail. As of the date of this Report and Recommendation, the receipt had not been returned to the clerk's office. Neither had the envelope containing the minutes of the May 31, 2007, been returned undelivered.

Due to a scheduling conflict, the undersigned presided at the hearing on June 15, 2007, at 9:30 a.m.  Defense counsel appeared by telephone as had been authorized by the Court.  Plaintiff failed to appear.  Plaintiff had not contacted the Court to seek a continuance or to convey some explanation for his inability to be present.

Plaintiff was warned that his failure to appear would result in the dismissal of the case with prejudice.  Consequently, I recommend pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiff's complaint be dismissed with prejudice as a sanction for his failure to prosecute the case.  I further recommend that upon dismissal with prejudice, that the case be terminated.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 27th day of June 2007.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE